**WO**                                                                                       KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Carrisoza Rivera, | No. CV 07-8043-PCT-SMM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Darla Elliot, et al., | |
| Defendants. | |

Plaintiff, who is confined in the Diamondback Correctional Facility in Watonga, Oklahoma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the Complaint with leave to amend. On September 21, 2007, Plaintiff filed a First Amended Complaint.

The Court will order Defendants to answer Count I of the Amended Complaint and will dismiss the remaining claims without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

**TERMPSREF**

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1), (2).

## II. Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: (1) Warden Darla Elliot, Arizona State Prison Complex ("ASPC")-Kingman; (2) Deputy Warden Sean Malone, ASPC-Kingman; (3) Warden of Contract Beds Jerry Soulbe, Arizona Department of Corrections; and (4) Classification Officer Marion Jumpe, Arizona Department of Corrections.

Plaintiff alleges three grounds for relief in the Amended Complaint. In Count I, Plaintiff alleges that his Eighth Amendment rights were violated when he was housed in a unit in which he was the only Mexican National. Plaintiff claims that as a result of this housing assignment, he was attacked by other inmates. Plaintiff also claims that Defendants were aware of the danger of housing a Mexican National inmate with inmates of another race but that they failed to find another housing assignment for Plaintiff. In Count II, Plaintiff claims that Defendants were deliberately indifferent to Plaintiff's safety, in violation of the Eighth Amendment. Finally, in Count III Plaintiff claims that his personal property was stolen or broken during the attack by other inmates. Plaintiff seeks money damages.

Count I adequately states a claim, and the Court will require Defendants to answer Count I.

## III. Failure to State a Claim

### A. Count II

In Count II, Plaintiff claims that Defendants were deliberately indifferent to a serious threat to his safety, in violation of the Eighth Amendment. These allegations are essentially the same as those raised in Count I and will be dismissed.

### B. Count III

In Count III, Plaintiff claims that his personal property was broken or stolen by other inmates when they attacked him. If this case proceeds to trial, and Plaintiff obtains a favorable verdict, these allegations may be relevant in determining damages. However,

1 because Defendants themselves did not take or break Plaintiff's property, these allegations
2 do not state a separate claim for relief against Defendants and must be dismissed.

**IV.  Warnings**

    **A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1)  Counts II and III of the Amended Complaint are **dismissed** without prejudice.

(2)  Defendants Elliot, Malone, Soulbe, and Jumpe must answer Count I of the Amended Complaint.

TERMPSREF

- 3 -

1     (3)     The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #8), this Order, and both summons and request for waiver forms for Defendants Elliot, Malone, Soulbe, and Jumpe.

    (4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

    (6)     The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

    (7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

        (a)     personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

        (b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of

the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)     **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)     Defendants must answer Count I of the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 9th day of October, 2007.

_____
Stephen M. McNamee
United States District Judge